IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANNIE PARRETT,

    Plaintiff,

v.                                        Case No. 2:21-cv-02281-MSN-atc

NICHOLAS D. MCLAURIN and
TOTAL TRANSPORTATION OF
MISSISSIPPI, LLC,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT NICHOLAS D. MCLAURIN

    Before the Court is Plaintiff's Motion for Extension of time to serve Defendant Nicholas D. McLaurin, (ECF No. 20), filed on August 13, 2021.  Defendant does not oppose the motion.[1] (*Id.* at PageID 102.) Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Under Rule 4(m), the Court is to undertake a two-step analysis. *See Raytheon Co. v. Ahtna Support & Training Servs., LLC*, No. 3:21-CV-239-RGJ, 2021 WL 3038888, at *1 (W.D. Ky. July 19, 2021).  The court must first determine if the plaintiff has shown "good cause" for her failure to

---

    1. The Court notes that both Defendant McLaurin and Defendant Total Transportation of Mississippi, LLC are represented by the same counsel.  (ECF No. 20-1 at PageID 116.)

effect timely service. *Id.* If so, Rule 4(m) mandates that the Court "extend time for service for an appropriate period." Fed. R. Civ. P. 4(m). If good cause is not shown, however, the Court then must either dismiss the suit without prejudice or order that service be made within a certain period. *Id.*; *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 406 (S.D. Ohio 2003). Courts consider several factors in determining whether good cause exists to justify an extension such as the length of the extension, prejudice to the non-moving party, and the efforts of the plaintiff to effect service. *See Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

Here, the Court finds that good cause exists to justify an extension. Plaintiff asserts that she attempted to serve Defendant McLaurin before this matter was removed. (ECF No. 20 at PageID 88.) Further, there is little risk of prejudice because Defendant McLaurin has been on notice of this lawsuit. Defendant McLaurin is represented by the same counsel as Defendant Total Transportation of Mississippi, LLC. (ECF No. 20-1 at PageID 116.) And finally, given that this case is still in its infancy, an extension of time to effect service would not unduly disrupt the proceedings.

Accordingly, the Court **GRANTS** Plaintiff's motion. Plaintiff shall have sixty (60) days from the entry of this Order to effect service on Defendant McLaurin. Plaintiff shall not be granted any further extension without good cause.

**IT IS SO ORDERED**, this the 16th day of August, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE